UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELISSA CHINN,<br><br>      Plaintiff,<br><br> v.<br><br>WHIDBEY PUBLIC HOSPITAL DISTRICT d/b/a WHIDBEY HEALTH MEDICAL CENTER,<br><br>      Defendant. | No.<br><br>COMPLAINT FOR DAMAGES<br><br>JURY DEMAND |

## I. PARTIES

1.1. Plaintiff Melissa Chinn is a female physician of Chinese national origin and race who resides in Skagit County, Washington.

1.2. Defendant Whidbey Public Hospital District is a municipal corporation which operates as Whidbey Health Medical Center in Island County, Washington.

## II. JURISDICTION AND VENUE

2.1. Some of Dr. Chinn's claims arise under the laws of the United States. This Court has original jurisdiction over those claims under 28 U.S.C. §§ 1331 and 1343.

2.2. Dr. Chinn's other claims arise under Washington state law. This Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367.

COMPLAINT – 1

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

2.3. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b).

## III.   FACTS

3.1. Defendant Whidbey Public Hospital District ("WhidbeyHealth") operates WhidbeyHealth Medical Center, previously known as Whidbey General Hospital, where it employs approximately 750 staff.

3.2. In addition to operating a hospital and other inpatient and outpatient services, WhidbeyHealth, through its physicians, midwives, and nurses, provides obstetrical and gynecological care to women.

3.3. In 2010, WhidbeyHealth offered Plaintiff Dr. Melissa Chinn, a Washington-licensed Doctor of Osteopathic Medicine, a physician position to provide obstetrics and gynecology services to the Whidbey Public Hospital District residents and others.

3.4. Dr. Chinn accepted the position and began working for WhidbeyHealth in the fall of 2010.

3.5. Throughout her employment, Dr. Chinn performed her job well and provided exceptional patient care.

3.6. Unbeknownst to Dr. Chinn at the time she accepted the position, WhidbeyHealth paid her a lower wage than the male employees doing substantially equal work; requiring equal skill, effort and responsibility; and performed under similar working conditions. This pay disparity continued through the end of her employment with WhidbeyHealth.

3.7. Eventually, Dr. Chinn discovered the pay disparity, inquired about the basis for it and requested that WhidbeyHealth adjust her compensation.

COMPLAINT – 2

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

3.8. Dr. Chinn also requested that WhidbeyHealth correct gender, race, and national origin discrimination.

3.9. For example, Dr. Chinn identified a pattern of WhidbeyHealth's nurses, staff, and other medical providers refusing to follow her directives at work, not about trivial matters, but patient care. Dr. Chinn reported to WhidbeyHealth that some staff would ignore her medical orders to administer medications or take other actions. This conduct compromised patient care and safety, and reflected a double-standard, as Dr. Chinn's non-Asian, male counterparts were not second-guessed or undermined in the same way. Other female providers suffered similar treatment.

3.10. On other occasions, she was subjected to overtly race-based and national-origin related conduct such as remarks about her "slanted" eyes and being called "oriental." This treatment even followed her into the operating room where she was forced to endure diatribes from a colleague about Asians and World War II, and other inappropriate comments based on race, gender, and national origin, all while she operated on patients.

3.11. WhidbeyHealth fostered a workplace culture in which Dr. Chinn was expected to be docile and subservient despite her role as a physician directing patient care. When she reported her concerns that she was being treated differently because of her sex, race, or national origin, or the intersection of all of these characteristics, WhidbeyHealth refused to act and tolerated this discriminatory treatment.

3.12. In addition, WhidbeyHealth contracted with at least one temporary, or locums tenens, provider who repeatedly provided substandard care to WhidbeyHealth's patients, jeopardizing their health and safety. For example, he needlessly performed a "vertical cut" cesarean section on a patient, putting the delivering mother and her newborn child at greater

COMPLAINT – 3

risk for health complications. He also informed the mother that she could absolutely avoid cesarean section for any future births, failing to inform her that because he had performed a "vertical cut" cesarean section, this led her to be at high risk for uterine rupture. Dr. Chinn reported her concerns about this and other unsafe practices to WhidbeyHealth.

3.13. WhidbeyHealth rejected Dr. Chinn's requests to correct its discriminatory and unsafe practices and instead retaliated against Dr. Chinn by taking various adverse actions against her. For instance, WhidbeyHealth placed Dr. Chinn on administrative leave following her reports, and, upon her return, counseled her about so-called behavioral complaints, but this heighted level of scrutiny was both unfair and pretextual as Dr. Chinn's non-Asian, male counterparts were not subjected to this same unwritten congeniality code.

3.14. After Dr. Chinn reported discrimination and safety issues to WhidbeyHealth and the Washington Department of Health, WhidbeyHealth terminated her employment.

3.15. As a direct result of Defendant WhidbeyHealth's unlawful actions, Dr. Chinn has suffered and continues to suffer economic and non-economic damages.

## IV.   LEGAL CLAIMS

**A.   FIRST CAUSE OF ACTION – WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

4.1   Plaintiff realleges the above statement of facts as though fully stated here.

4.2   WhidbeyHealth terminated Plaintiff's employment in violation of public policies relating to the protection of health and safety and in retaliation for Plaintiff's opposition to practices which violated the law and compromised health and safety.

COMPLAINT – 4

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

4.3   As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer loss of compensation and benefits, emotional distress, anxiety, humiliation and embarrassment, each in amounts to be proven at trial.

**B.   SECOND CAUSE OF ACTION – DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981**

4.4   Plaintiff realleges the above statement of facts as though fully stated here.

4.5   WhidbeyHealth subjected Plaintiff to intentional race discrimination in violation of 42 U.S.C. § 1981.

4.6   WhidbeyHealth's discrimination against Plaintiff was done with malice or with reckless indifference to Plaintiff's rights as protected by federal and state laws.

4.7   As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer loss of compensation and benefits, emotional distress, anxiety, humiliation and embarrassment, each in amounts to be proven at trial.

**C.   THIRD CAUSE OF ACTION – RETALIATION IN VIOLATION OF 42 U.S.C. § 1981**

4.8   Plaintiff realleges the above statement of facts as though fully stated here.

4.9   WhidbeyHealth retaliated against Plaintiff for her opposition to race discrimination prohibited under 42 U.S.C. § 1981.

4.10   WhidbeyHealth's retaliation against Plaintiff was done with malice or with reckless indifference to Plaintiff's rights as protected by federal and state laws.

4.11   As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer loss of compensation and benefits, emotional distress, anxiety, humiliation and embarrassment, each in amounts to be proven at trial.

COMPLAINT – 5

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**D.     FOURTH CAUSE OF ACTION – DISCRIMINATION IN VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION**

4.12   Plaintiff realleges the above statement of facts as though fully stated here.

4.13   WhidbeyHealth subjected Plaintiff to intentional discriminatory treatment on the basis of sex, race, and national origin in connection with the terms and conditions of her employment in violation of RCW 49.60.030 and .180.

4.14   As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer loss of compensation and benefits, emotional distress, anxiety, humiliation and embarrassment, each in amounts to be proven at trial.

**E.     FIFTH CAUSE OF ACTION – RETALIATION IN VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION**

4.15   Plaintiff realleges the above statement of facts as though fully stated here.

4.16   WhidbeyHealth violated RCW 49.60.210, when it retaliated against Plaintiff for her opposition to practices forbidden by the Washington Law Against Discrimination.

4.17   As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer loss of compensation and benefits, emotional distress, anxiety, humiliation and embarrassment, each in amounts to be proven at trial.

**F.     SIXTH CAUSE OF ACTION – DISCRIMINATION IN VIOLATION OF WASHINGTON'S EQUAL PAY AND OPPORTUNITIES ACT**

4.18   Plaintiff realleges the above statement of facts as though fully stated here.

4.19   WhidbeyHealth subjected Plaintiff to wage discrimination based on her gender in violation of RCW 49.58.020.

COMPLAINT – 6

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

4.20 As a direct and proximate result of the foregoing, Plaintiff has suffered loss of compensation and benefits, in amounts to be proven at trial.

**G.     SEVENTH CAUSE OF ACTION – RETALIATION IN VIOLATION OF WASHINGTON'S EQUAL PAY AND OPPORTUNITIES ACT**

4.21 Plaintiff realleges the above statement of facts as though fully stated here.

4.22 WhidbeyHealth retaliated against Plaintiff in violation of RCW 49.58.040 for her protected activities relating to discussion of gender-based wage disparities, inquiries to WhidbeyHealth about the reason for pay disparities and lack of opportunity for advancement, and opposition to gender-based pay disparities based on gender in violation of RCW 49.58.020.

4.23 As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer loss of compensation and benefits, emotional distress, anxiety, humiliation and embarrassment, each in amounts to be proven at trial.

**H.     EIGHTH CAUSE OF ACTION – DISCRIMINATION IN VIOLATION OF THE EQUAL PAY ACT**

4.24 Plaintiff realleges the above statement of facts as though fully stated here.

4.25 WhidbeyHealth subjected Plaintiff to wage discrimination based on her gender in violation of the Equal Pay Act, 29 U.S.C. § 206(d)(1).

4.26 As a direct and proximate result of the foregoing, Plaintiff has suffered loss of compensation and benefits, in amounts to be proven at trial.

**I.     NINTH CAUSE OF ACTION – RETALIATION FOR EQUAL PAY ACT COMPLAINTS**

4.27 Plaintiff realleges the above statement of acts as though fully stated here.

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

4.28    WhidbeyHealth retaliated against Plaintiff in violation of 29 U.S.C. § 215(a)(3) and the Washington Law Against Discrimination because she opposed practices made unlawful by the Equal Pay Act and the Fair Labor Standards Act.

4.29    As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer loss of compensation and benefits, emotional distress, anxiety, humiliation and embarrassment, each in amounts to be proven at trial.

## V.    PRAYER FOR RELIEF

Plaintiff prays for judgment and relief against Defendant as follows:

5.1.    Reinstatement;

5.2.    Damages for lost compensation and benefits in an amount to be proven at trial;

5.3.    Damages for emotional distress, anxiety, humiliation, and embarrassment in amounts to be proven at trial;

5.4.    Punitive damages in an amount to be proven at trial;

5.5.    Prejudgment and post-judgment interest;

5.6.    Attorneys' fees, expenses, and costs;

5.7.    Statutory damages under RCW 49.58.070;

5.8.    Increased payment to offset any additional income taxes triggered by judgment in her favor;

5.9.    Such other and further relief as this Court deems just and proper.

///

///

///

///

COMPLAINT – 8

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
Phone (206) 622-8000 • Fax (206) 682-2305

DATED this 26th day of June, 2020.

    SCHROETER GOLDMARK & BENDER

    */s/ Elizabeth Hanley*
    _____
    ELIZABETH HANLEY, WSBA #38233
    JAMAL N. WHITEHEAD, WSBA #39818
    810 Third Avenue, Suite 500
    Seattle, WA  98104
    Phone: (206) 622-8000
    Fax: (206) 682-2305
    Email: hanley@sgb-law.com
           whitehead@sgb-law.com

    *Attorneys for Plaintiff*

COMPLAINT – 9

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305