UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELISSA CHINN, D.O.,

        Plaintiff,

v.

WHIDBEY PUBLIC HOSPITAL DISTRICT d/b/a WHIDBEY HEALTH MEDICAL CENTER,

        Defendant.

C20-995 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's request, Resp. at 7 n.3 (docket no. 17), to strike from the record a 2019 Schedule K-1 is DENIED, but the Clerk is DIRECTED to seal Exhibit H to the Declaration of Justin Steiner, docket no. 16-8. The Clerk is also DIRECTED to seal Exhibits B, I, and N to the Declaration of Justin Steiner, docket nos. 16-2, 16-9, and 20-1, which contain plaintiff's full date of birth. *See* Local Civil Rule 5.2(a)(1).

(2) Defendant's motion to compel discovery, docket no. 15, is DEFERRED in part, GRANTED in part, and DENIED in part, as follows:

    (a) With respect to Interrogatory No. 14 and Request for Production No. 18, unless plaintiff discloses her February 2019 notes to defendant within fourteen (14) days of the date of this Minute Order, plaintiff shall provide copies of the notes to the Court for *in camera* review within twenty-one (21) days of the date of this Minute Order; if the Court concludes that such notes are not protected by attorney-client privilege, the Court will consider imposing sanctions against plaintiff and/or her attorneys.

MINUTE ORDER - 1

(b) With respect to Interrogatory Nos. 17 and 18 and Requests for Production Nos. 20, 41, 42, 44, 45, 46, 47, 48, and 49, plaintiff shall produce to defendant within twenty-one (21) days of the date of this Minute Order the following materials:

(i) Annual financial and/or profit and loss statements for Chinn GYN, LLC from its inception to the present; and

(ii) Plaintiff's individual tax returns for 2019 and 2020.[1]

Plaintiff has placed future lost earnings in controversy, and the above-described documents contain relevant, non-privileged information, the requested disclosure of which is proportional to the needs of the case. See *Besco v. City of Longview*, No. 3:15-CV-5493, 2016 WL 1077266, at *3 (W.D. Wash. Mar. 18, 2016); see also Fed. R. Civ. P. 26(b)(1).

(c) With respect to Requests for Production Nos. 43, 55, and 62, plaintiff shall produce to defendant within twenty-one (21) days of the date of this Minute Order the following materials:

(i) Non-privileged communications relating to the lease of the facilities for Chinn GYN, LLC, located at 111 S. 12th St. in Mount Vernon, Washington; and

(ii) Non-privileged communications between plaintiff and **former**[2] employees of Whidbey Public Hospital District d/b/a Whidbey Health Medical Center ("WhidbeyHealth") occurring after the termination of plaintiff's employment with WhidbeyHealth that are responsive to defendant's discovery requests.[3]

---

[1] Plaintiff has represented to the Court that she intends to produce to defendant, on or before August 6, 2021, the 2019 and 2020 Form 1120-S for Chinn GYN, LLC, and as to those items, defendant's motion to compel is denied as moot. See Resp. at 8 (docket no. 17).

[2] The Court presumes that defendant can obtain from its **current** employees any communications between them and plaintiff.

[3] Plaintiff has indicated that she intends to provide responsive text messages between her and her spouse (Morghan Milagrosa). See Resp. at 8 (docket no. 17). Thus, the Court need not further consider whether plaintiff may withhold communications made prior to their marriage on the basis of spousal privilege. Plaintiff has also expressed an intent to produce responsive text messages between her and her brother (Dustin Chinn), Debbie Garcia, Marquita Chrisman,

MINUTE ORDER - 2

To the extent plaintiff asserts a privilege for any of the communications described above or any other responsive materials, plaintiff shall provide a privilege log within twenty-one (21) days of the date of this Minute Order, describing the items with requisite detail and containing specific, good faith grounds for invoking a privilege.

(d)   Except as deferred or granted, defendant's motion to compel is denied. Plaintiff is advised, however, that she will not be permitted to testify or offer declarations concerning her remuneration by prior employers unless she provides to defendant documents supporting the salaries she allegedly received or authorizes defendant to obtain such information directly from her prior employers.

(e)   Defendant is AWARDED attorneys' fees and costs in connection with its motion to compel discovery in the amount of $1,000. *See* Fed. R. Civ. P. 37(a)(5). Within twenty-one (21) days of the date of this Minute Order, plaintiff shall remit this sum by check made payable to both WhidbeyHealth and the law firm of Mullin, Allen & Steiner PLLC.

(3)   The Clerk is further DIRECTED to send a copy of this Minute Order to all counsel of record.

Dated this 6th day of August, 2021.

Ravi Subramanian
Clerk

s/Gail Glass
Deputy Clerk

---

Kristi Behan, and Sara Ekstein. *See id.* With respect to all individuals listed in this footnote, defendant's motion to compel plaintiff's communications is denied as moot.

MINUTE ORDER - 3