UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELISSA CHINN,

        Plaintiff,

v.

WHIDBEY PUBLIC HOSPITAL DISTRICT, d/b/a WHIDBEY HEALTH MEDICAL CENTER,

        Defendant.

C20-995 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motion, docket no. 49, for partial summary judgment on certain affirmative defenses (6, 7, 9, 10, 11, 13, 15, 16, 17, 18, 19, and 23) is GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

    a. The motion is GRANTED, in part, as to Defendant's sixth affirmative defense that the discriminatory treatment was based on one or more bona fide factors or occupational qualifications; provided, however, Defendant may raise the issue in connection with pay disparity.

    b. The motion is DENIED as to Defendant's seventh affirmative defense that the pay disparity was the result of (a) a seniority system; (b) a merit system; (c) a system that measures earnings by quantity or quality of production; (d) a bona fide job-related factor or factors; and/or (e) any factors other than sex. There are material issues of fact concerning Defendant's use of Medical Group Management Association ("MGMA") earnings data that preclude summary judgment.

MINUTE ORDER - 1

c. The unopposed motion is GRANTED as to Defendant's ninth affirmative defense that the equitable doctrine of unclean hands bars some, or all, of Plaintiff's claims.

d. The unopposed motion is GRANTED as to Defendant's tenth affirmative defense that Laches bars some, or all, of Plaintiff's claims.

e. The motion is GRANTED, in part, as to Defendant's eleventh affirmative defense that sovereign immunity bars some, or all, of Plaintiff's claims; provided, however, Defendant is not subject to punitive damages. Though Plaintiff asserts that the Ninth Circuit has left open the question of whether "punitive damages are available at all under section 1981 where the defendant is a municipality," *see White v. Wash. Pub. Power Supply Sys.*, 692 F.2d 1286, 1290 (9th Cir. 1982), the ruling was superseded by the Civil Rights Act of 1991, which "made available compensatory damages for emotional pain and suffering and punitive damages under Title VII." *Ahlmeyer v. Nevada Sys. of Higher Educ.*, 555 F.3d 1051, 1059 (9th Cir. 2009). 42 U.S.C. § 1981a(b)(1) provides that a plaintiff may recover punitive damages against a defendant "other than a government, government agency or political subdivision." The parties do not dispute that Whidbey Health is a municipal corporation. Plaintiff's claim of punitive damages under state law and its reliance on RCW 4.96.010 which subjects "[a]ll local government entities" to "liab[ility] for damages arising out of their tortious conduct . . . to the same extent as if they were a private person or corporation" is misplaced. *See* Resp. at 24 (docket no. 56). Washington law does not allow for punitive damages against any person or corporation. *Barr v. Interbay Citizens Bank of Tampa, Fla.*, 96 Wn.2d 692, 697 635 P.2d 441 (1981) ("Under the law of this state, punitive damages are not allowed unless expressly authorized by the legislature."). Punitive damages are unavailable under the Washington Law Against Discrimination, *see Chuong Van Pham v. City of Seattle, Seattle City Light*, 159 Wn.2d 527, 537, 151 P.3d 976 (2007) (citing *Dailey v. N. Coast Life Ins. Co.*, 129 Wn.2d 572, 575, 919 P.2d 589 (1996)), and the Washington Equal Pay and Opportunities Act. *See* RCW 49.58.070. Accordingly, Defendant is not subject to a claim for punitive damages.

f. The motion is GRANTED as to Defendant's thirteenth affirmative defense that the *Ellerth/Faragher* defense bars some, or all, of Plaintiff's claims. *Ellerth* and *Faragher* established a test for determining whether an employer is vicariously liable for a hostile work environment created by a supervisor. *See Burlington Indus. Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). "The Supreme Court made clear that the affirmative defense outlined in *Ellerth* and *Faragher* applies only in cases of vicarious liability, where the harasser is the victim's supervisor." *Swinton v. Potomac Corp.*, 270 F.3d 794, 803 (9th Cir. 2001). If harassment is committed by a co-

MINUTE ORDER - 2

worker of the plaintiff's, the employer is liable only under a negligence theory and the employer may not invoke the *Ellerth/Faragher* affirmative defense. *See id.* at 803–04. The record contains no allegation that Plaintiff's supervisor created a hostile work environment and Plaintiff does not allege discrimination on a theory of hostile work environment. *See* Compl. (docket no. 1). Defendant's discussion of Plaintiff's interactions with Dr. Giem is misplaced, as Dr. Giem was not Plaintiff's supervisor.

      g.    The motion is DEFERRED as to Defendant's fifteenth affirmative defense that Plaintiff failed to mitigate her damages.

      h.    The motion is DENIED as to Defendant's sixteenth affirmative defense that an applicable statute of limitations bars some, or all, of Plaintiff's claims. The federal Equal Pay Act, 29 U.S.C. § 255(a), has a two-year statute of limitations (or three years for willful conduct) and the Washington Equal Pay and Opportunities Act, RCW 49.58.070(1), has a three-year statute of limitations. The Court will address the applicable statute of limitations and the limit of any damages recovered under these acts as part of its jury instructions.

      i.    The unopposed motion is GRANTED as to Defendant's seventeenth affirmative defense that Plaintiff failed to exhaust contractual and administrative remedies as required by law.

      j.    The unopposed motion is GRANTED as to Defendant's eighteenth affirmative defense that the doctrine of after-acquired evidence bars Plaintiff's claims and/or damages.

      k.    The unopposed motion is GRANTED as to Defendant's nineteenth affirmative defense that Plaintiff is estopped from raising her claims if she declared bankruptcy.

      l.    The motion is DEFERRED as to Defendant's twenty-third affirmative defense that reinstating Plaintiff would produce undue hardship. Reinstatement is an equitable remedy that will be resolved by the Court, if necessary, after trial.

(2)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 18th day of November, 2021.

                                              Ravi Subramanian
                                              Clerk

                                              s/Gail Glass
                                              Deputy Clerk

MINUTE ORDER - 4