UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELISSA CHINN,<br><br>            Plaintiff,<br><br>  v.<br><br>WHIDBEY PUBLIC HOSPITAL DISTRICT, d/b/a WHIDBEY HEALTH MEDICAL CENTER,<br><br>            Defendant. | C20-995 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on the deferred portions of a Motion for Partial Summary Judgment, docket no. 46, and a Motion to Limit Testimony of Plaintiff's Expert Douglas McDaniel, docket no. 35, filed by Defendant Whidbey Public Hospital District d/b/a Whidbey Health Medical Center ("Whidbey Health"). Having reviewed all papers filed in support of, and in opposition to, the motions, the Court enters the following Order.

**Background**

In June 2020, Plaintiff Melissa Chinn, D.O. filed a complaint against her former employer, Whidbey Health, alleging wrongful termination, discrimination, retaliation,

ORDER - 1

1 and equal pay claims.  Compl. at ¶¶ 4.1–4.29 (docket no. 1).  Following her termination

2 in February 2019, Plaintiff did not apply for any OB-GYN positions.  Chinn Dep. at

3 100:19–21, Ex. A to Steiner Decl. (docket no. 48-1).  Instead, Plaintiff opened her own

4 medical practice, Chinn GYN, LLC, in July 2019.  *Id.* at 101:2–4.  Plaintiff retained

5 Douglas McDaniel to help calculate her economic damages in this case.  Hanley Decl. at

6 ¶ 2 (docket no. 38).  McDaniel calculates that, with respect to past and future earnings,

7 Plaintiff has lost $5,532,625.  McDaniel Report at 5, Ex. 1 to Steiner Decl. (docket no.

8 36-1).

9 **Discussion**

10       **1.**     **Motion for Partial Summary Judgment**

11       The Court shall grant summary judgment if no genuine issue of material fact exists

12 and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

13 The moving party bears the initial burden of demonstrating the absence of a genuine issue

14 of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A fact is material if

15 it might affect the outcome of the suit under the governing law.  *Anderson v. Liberty*

16 *Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To survive a motion for summary judgment, the

17 adverse party must present affirmative evidence, which "is to be believed" and from

18 which all "justifiable inferences" are to be favorably drawn.  *Id.* at 255, 257.  When the

19 record, however, taken as a whole, could not lead a rational trier of fact to find for the

20 non-moving party, summary judgment is warranted.  *See Beard v. Banks*, 548 U.S. 521,

21 529 (2006) ("Rule 56 'mandates the entry of summary judgment, after adequate time for

22 discovery and upon motion, against a party who fails to make a showing sufficient to

23

ORDER - 2

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

Whidbey Health moves for partial summary judgment dismissal of Plaintiff's claims for: (a) punitive damages under 42 U.S.C. § 1981; (b) pay disparity damages; and (c) lost income damages.  In the related motion to limit the testimony of Plaintiff's expert Douglas McDaniel, docket no. 35, Whidbey Health also challenges Plaintiff's lost earnings and pay disparity damages.

### a. Punitive Damages

As previously addressed in the Court's Minute Order, docket no. 64, punitive damages are not available against Whidbey Health under Plaintiff's Section 1981 claim because Whidbey Health is a municipal corporation.  Accordingly, Whidbey Health's motion, docket no. 46, is GRANTED as to Plaintiff's claim for punitive damages under Section 1981 and that claim is DISMISSED.

### b. Pay Disparity Claims

As previously addressed in the Court's Minute Order, docket no. 64, a genuine dispute of material fact concerning Whidbey Health's use of Medical Group Management Association ("MGMA") earnings data precludes summary judgment.  Therefore, Whidbey Health's motion, docket no. 46, is DENIED as to Plaintiff's pay disparity claims.

### c. Lost Income Damages

Whidbey Health contends that Plaintiff did not mitigate her losses because she failed to seek substantially similar employment.  A plaintiff has a duty to her mitigate

ORDER - 3

damages.  *See Wurts v. City of Lakewood*, No. C14-5113, 2015 WL 1954663, at *9 (W.D. Wash. Apr. 29, 2015).  The duty requires a plaintiff to "exercise reasonable diligence in finding other suitable employment."  *Id.* (citing *Sangster v. United Air Lines, Inc.*, 633 F.2d 864, 868 (9th Cir. 1980)).  "Self-employment does not necessarily indicate a lack of reasonable diligence."  *Kloss v. Honeywell*, 77 Wn. App. 294, 301, 890 P.2d 480 (1995).  "The reasonableness of the effort to find substantially equivalent employment should be evaluated in light of the characteristics of the individual and the job market."  *Id.*  Whether the plaintiff used reasonable diligence in seeking comparable employment is typically a question of fact.  *Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1021 (9th Cir. 2000).  "The notion that starting one's own business cannot constitute comparable employment for mitigation purposes . . . lacks support in the cases . . . ."  *Smith v. Great Am. Restaurants, Inc.*, 969 F.2d 430, 438 (7th Cir. 1992) (finding that a jury could rationally determine that the plaintiff's decision to open her own restaurant was a "reasonable, good faith exercise of diligence" to mitigate her damages in an age discrimination case).

However, there is no dispute that Plaintiff did not apply for other OB-GYN positions following her termination from Whidbey Health in February 2019.  *Id.* at 100:19–21.  Thus, the question is whether Plaintiff exercised reasonable diligence in seeking comparable employment when she decided to open Chinn GYN, LLC in July 2019.  This may be a question of fact for the jury, although the facts do not appear in dispute and Plaintiff has made no effort to establish a right to lost income in the future, as further discussed in this Order.  Nevertheless, the portion of Whidbey Health's motion,

docket no. 46, relating to Plaintiff's claim for lost income damages is DEFERRED pending oral argument on the issue.

**2.      Motion to Limit McDaniel's Testimony**

Whidbey Health moves, docket no. 35, to limit McDaniel's testimony on the grounds that his testimony is not reliable and that it relies on incorrect and speculative assumptions to inflate economic damages.  Federal Rule of Evidence 702 lists criteria for when a witness may testify as an expert:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The party offering the expert testimony bears the burden of establishing its admissibility by a preponderance of the evidence.  *Bldg Indus. Ass'n of Wash. v. Wash. State Bldg. Code Council*, 683 F.3d 1144, 1154 (9th Cir. 2012); *see also Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987).  Rule 702 is liberally construed in favor of admissibility. *See Daubert v. Merrell Dow Pharmas., Inc.*, 509 U.S. 579, 588 (1993).

Courts must, however, take care "to assure that a proffered witness truly qualifies as an expert, and that such testimony meets the requirements of Rule 702."  *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1004 (9th Cir. 2001).  "[T]he trial judge must

ORDER - 5

ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589.  "Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014).

Whidbey Health does not challenge McDaniel's qualifications to testify as an expert.  Instead, Whidbey Health challenges only the assumptions behind McDaniel's (a) lost earnings assessment, and (b) pay disparity assessment.

        **a.**    **Lost Earnings Assessment**

Whidbey Health challenges McDaniel's lost earnings assessment because it does not account for Plaintiff's potential future earnings.  Mot. to Limit at 6–7 (docket no. 35).  Excluding pay disparity damages, McDaniel estimates that Plaintiff has lost $4,421,365 in earnings as a result of her termination from Whidbey Health.  McDaniel Report at 6, Ex. 1 to Steiner Decl. (docket no. 96-1).  When conducting his analysis, plaintiff's counsel asked McDaniel "to assume that Dr. Chinn would not have any mitigated earnings after termination." *Id.* at 6 n.1.  McDaniel's assumption is clearly noted in his report.  *Id.*  However, Plaintiff "does not dispute that any mitigating income must be deducted from the economic losses . . . ."  Resp. at 5 (docket no. 37).

Whidbey Health makes two basic arguments.  First, Whidbey Health argues that McDaniel has reviewed "*no facts or data* about Dr. Chinn's income or alleged lack thereof."  Reply at 3 (docket no. 41).  As a result, Whidbey Health concludes the testimony "has no factual basis" and "fails to comply with Rule 702." *Id.*  Secondly, Whidbey Health argues that because McDaniel assumes "Dr. Chinn has earned absolutely

ORDER - 6

'no income' from Chinn Gyn," without any factual basis, the testimony fails to comply with Rule 702. *Id.*

Though mitigation of lost income is a defense, and it is Whidbey Health's burden to prove what Plaintiff could have earned after her termination, Plaintiff must establish that she lost income. Mitigation by self-employment, however, presents challenges when determining the mitigating value of a plaintiff's efforts of self-employment. As the Third Circuit has recognized:

> In such a situation, a number of questions arise. They do so because of the nature of self-employment. For example: has the plaintiff drawn a salary which has reduced, if not eliminated the year-end profit? Have personal expenses, normally paid by a wage earner from a salary, been absorbed by the business, e.g., personal car expenses, insurance, vacations and other personal expenses? Have dividends been paid? Have profits been earned? Have particular expenses been appropriately offset against revenues? Have profits been reinvested in capital assets and have reserves been established? If so, how should they be treated in a mitigation context. Has the plaintiff benefited by an increase in value of the business?

*Carden v. Westinghouse Elec. Corp.*, 850 F.2d 996, 1005–06 (3d Cir. 1988).

Whether and to what extent Plaintiff has earned income from Chinn GYN, LLC is a question of fact. Defendant's challenge to McDaniel's mere extension of Plaintiff's income adjusted for present value goes to the weight of McDaniel's testimony, not its admissibility. However, without addressing the questions referenced above, the Court is concerned that the factfinder would have to rely entirely on speculation to determine the amount, if any, of lost income in this case.

Finally, in connection with the mitigation issue, Whidbey Health may have evidence of what Plaintiff could have earned in the "open market" if she had elected to

ORDER - 7

work in comparable employment after termination.[1] This type of evidence, if presented in Whidbey Health's case, may reduce or eliminate any future loss of income. The reasonableness of any substantially equivalent employment would have to be evaluated in light of all of the circumstances. *See Kloss*, 77 Wn. App. at 301.

Whidbey Health's motion, docket no. 35, is DEFERRED with respect to McDaniel's lost earning assessment pending oral argument on the issue. Plaintiff is DIRECTED to file an offer of proof, not to exceed five (5) pages by December 2, 2021, to provide the evidence that could support Plaintiff's claim of lost income.

      **b. Pay Disparity Assessment**

Whidbey Health also challenges McDaniel's pay disparity assessment. To calculate pay disparity, McDaniel compared Plaintiff's contractual base salary with the contractual base salary of Plaintiff's male colleague, Dr. Bauer. McDaniel Report at 3, Ex. 1 to Steiner Decl. (docket no. 96-1). McDaniel divides his pay disparity assessment into two subsets: (i) Plaintiff's loss before her termination on February 28, 2019, and (ii) Plaintiff's loss after her termination.

      **i. Pay Disparity Loss Before Plaintiff's Termination**

McDaniel calculates that Plaintiff lost $84,329 from earning disparity before her termination. McDaniel Report at 5. Whidbey Health challenges this figure, alleging that

---

[1] Whidbey Health's motion for partial summary judgment, docket no. 46, discusses the availability of comparable employment. *See* Henzke Report at 35, Ex. B to Steiner Decl. (docket no. 48-1) ("As an employed OB/GYN physician, Dr. Chinn would be compensated approximately $284,094 and more if she were more productive than in the past.").

ORDER - 8

McDaniel "selectively ignores portions of Dr. Chinn's earnings" and fails to account for the fact that Plaintiff and Dr. Bauer were employed at different times.  Mot. to Limit at 2 (docket no. 35).  "The Equal Pay Act does not require that jobs being compared be performed simultaneously . . . ." *EEOC v. First Citizens Bank of Billings*, 758 F.2d 397, 402 (9th Cir. 1985).  Further, McDaniel explained during his deposition that his comparison of base salaries "was the most accurate way to look at difference between pay."  McDaniel Dep. at 58:24–59:10, Ex. 2 to Hanley Decl. (docket no. 38-2).  McDaniel's pay disparity assessment does not include additional earnings described in Plaintiff's employment contract, such as student loan and CLE reimbursements, and it excludes a productivity bonus described in Dr. Bauer's employment contract.  *See* McDaniel Report at 3; Ex. 3 to Steiner Decl. at 13 (docket no. 36-3); Ex. 4 to Steiner Decl. at 12 (docket no. 36-4).

      Whidbey Health's arguments go to weight rather than admissibility because they constitute disagreements with facts that it believes McDaniel should have considered.  Defense counsel may address its concerns through cross-examination.  Accordingly, Whidbey Health's motion, docket no. 35, is DENIED as to McDaniel's testimony concerning earnings disparity loss before termination.

### ii.     Pay Disparity Loss After Plaintiff's Termination

      McDaniel calculates that Plaintiff lost $1,026,932 from earning disparity after her termination through her statistical retirement age of 66.08.  McDaniel Report at 3 & 5.  In calculating Plaintiff's earning disparity loss following her termination, McDaniel relies on the assumptions that Dr. Bauer, the sole comparator, would have continued to earn the

ORDER - 9

same base salary of $300,000 each year and that Plaintiff would have continued in her employment until retirement at the current rate of $240,000 each year. However, Dr. Bauer's employment contract provided that his compensation would be based entirely on his production beginning the third year of his employment (October 1, 2019). Ex. 4 to Steiner Decl. at 12 (docket no. 36-4). McDaniel's analysis does not account for the change in Dr. Bauer's compensation or how it might affect his calculation of Plaintiff's earning disparity. Therefore, the Court concludes that McDaniel may not testify about his analysis of Plaintiff's earning disparity loss after February 28, 2019 because his opinion is speculative and contradicted by the record. Whidbey Health's motion, docket no. 35, is GRANTED as to McDaniel's testimony concerning earnings disparity loss after termination.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The deferred portion of Whidbey Health's Motion for Partial Summary Judgment, docket no. 46, is GRANTED in part, DENIED in part, and DEFERRED in part. The motion is GRANTED as to Plaintiff's claim for punitive damages under Section 1981 and the Court DISMISSES that claim. The motion is DENIED as to Plaintiff's pay disparity claims. The motion is DEFERRED as it relates to Plaintiff's claim for lost income damages.

(2) Whidbey Health's Motion to Limit Testimony of Plaintiff's Expert Douglas McDaniel, docket no. 35, is GRANTED in part, DENIED in part, and DEFERRED in part. The motion is GRANTED as to McDaniel's testimony concerning his analysis of

Plaintiff's earning disparity loss after her termination on February 28, 2019.  The motion is DENIED as to McDaniel's testimony concerning his analysis of Plaintiff's earning disparity loss before her termination.  The motion is DEFERRED as it relates to McDaniel's lost earnings assessment.

    (3)    Plaintiff is DIRECTED to file an offer of proof, not to exceed five (5) pages by December 2, 2021, to provide the evidence in support Plaintiff's claim of lost income.

    (4)    The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 22nd day of November, 2021.

Thomas S. Zilly
United States District Judge

ORDER - 11