UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELISSA CHINN,

         Plaintiff,

  v.

WHIDBEY PUBLIC HOSPITAL DISTRICT d/b/a WHIDBEY HEALTH MEDICAL CENTER,

         Defendant.

C20-995 TSZ

MINUTE ORDER

    The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

    (1)    The deferred portion of Plaintiff's motion, docket no. 49, for partial summary judgment is DENIED. Genuine disputes of material fact preclude summary judgment as to Defendant's fifteenth affirmative defense that Plaintiff failed to mitigate her damages. *See* Fed. R. Civ. P. 56(a).

    (2)    The deferred portion of Defendant's motion, docket no. 46, for partial summary judgment relating to Plaintiff's lost income damages, and the deferred portion of Defendant's motion, docket no. 35, to limit the testimony of Plaintiff's expert McDaniel concerning his lost earnings assessment, are further DEFERRED to trial. The Court recognizes that, "[t]he purpose of an award of front pay is to make a victim of discrimination or retaliation whole, but this must be tempered by what she could earn using reasonable mitigation efforts." *Johnson v. Albertsons LLC*, No. 18-01678, 2020 WL 3604107, at *3 (W.D. Wash. July 2, 2020) (citing *Gotthardt v. Nat'l R.R. Passenger Corp.*, 191 F.3d 1148, 1157 (9th Cir. 1999). The lost earnings assessment must be tempered because of the potential for a windfall. The longer the period of front pay, the more speculative the damages become. *Id.* As a result, Plaintiff's request for lost

MINUTE ORDER - 1

earnings of $4,421,365, for a period of almost 18 years, appears contrary to the general rule that front pay is intended to be temporary in nature. *See Cassino v. Reichhold Chems., Inc.*, 817 F.2d 1338, 1347 (9th Cir. 1987). The Court has reviewed Plaintiff's offer of proof, docket no. 69, and considered the arguments of counsel at the hearing on December 14, 2021. The Court DEFERS the issue to trial, and will allow Plaintiff to present evidence of damages, and Defendant to present evidence of Plaintiff's mitigation efforts. The Court will then decide whether Plaintiff's claims of lost earnings will go to the jury.

(3) The deferred portion of Defendant's motion, docket no. 33, to exclude Plaintiff's expert Dr. Rudman's testimony is DENIED, subject to the Court's direction to counsel relating to whether and to what extent Dr. Rudman may testify that Plaintiff's treatment was consistent with any prejudicial treatment and/or backlash effects, and any opinions with respect to the ultimate issues of fact in this case. The Court will rule on any specific objections to Dr. Rudman's testimony at trial.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 21st day of December, 2021.

Ravi Subramanian
Clerk

s/Gail Glass
Deputy Clerk

MINUTE ORDER - 2