UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELISSA CHINN,

              Plaintiff,

  v.

WHIDBEY PUBLIC HOSPITAL DISTRICT d/b/a WHIDBEY HEALTH MEDICAL CENTER,

              Defendant.

C20-995 TSZ

MINUTE ORDER

     The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

     (1) Plaintiff's motion in limine, docket no. 79, is GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

          1. Motion to exclude all evidence or argument that Dr. Chinn and her wife—Morghan Milagrosa—engaged in an "inappropriate" workplace relationship is GRANTED in part and DENIED in part. The motion is GRANTED as to the intimate details of Dr. Chinn and Morghan Milagrosa's relationship and all evidence or argument that the relationship itself was inappropriate. The motion is otherwise DENIED. The evidence is relevant and probative as to Dr. Chinn's credibility and/or bias, any evidence of "inappropriate conduct" in the workplace, relating to issues of damages and mitigation and whether Dr. Chinn was treated differently because she is female or Asian. The evidence is more probative than prejudicial and not precluded by Federal Rule of Evidence 403.

MINUTE ORDER - 1

      2.      Motion to exclude text messages between Dr. Chinn and her romantic partner Morghan Milagrosa that are unrelated to Dr. Chinn's claims, post-employment, or that are solely personal in nature is DEFERRED, and the parties should be prepared to identify any such evidence at the Pretrial Conference.

      3.      Motion to exclude references to Dr. Chinn's claims for unemployment benefits through the Employment Security Department is DENIED.

      4.      Motion to exclude evidence of alleged misconduct by Morghan Milagrosa and her daughter, including information about Milagrosa's lawsuit is DENIED, except that the Court DEFERS until trial a ruling as to any specific evidence under Rule 403.

      5.      Motion to exclude evidence of surreptitious recordings of events at Whidbey Health is DENIED. At the Pretrial Conference, the parties should be prepared to identify any workplace recordings that they intend to offer into evidence at trial.

      6.      Motion to exclude Dr. Chinn's own comments about her ethnicity is DENIED.

      7.      Motion to exclude testimony and evidence relating to Whidbey Health's employment and treatment of Dr. Meghan McSorley is DENIED.

      8.      Motion to exclude character evidence or evidence of prior alleged patient complaints/bad acts is DEFERRED, and the parties should be prepared to identify any such evidence at the Pretrial Conference.

(2)    Defendant's motion in limine, docket no. 76, is GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

      1.      Motion to exclude deposition designations for available witnesses is GRANTED. Except for impeachment purposes, no party may offer deposition testimony of a witness who will testify live at trial; provided however, the deposition of a party may be used for any purpose during the trial without prior designation or notice.

      2.      Motion to exclude any evidence of, argument about, or any reference to sexual orientation discrimination is DEFERRED to the Pretrial Conference.

MINUTE ORDER - 2

3. Motion to exclude any evidence of, argument about, or any reference to productivity as it relates to Dr. Chinn's pay or any other physician's pay is DENIED.

4. Motion to exclude Jason Rossiter's interview notes is DEFERRED to the Pretrial Conference.  Whidbey Health is DIRECTED to file a copy of the disputed notes or otherwise identify their location in the record.  Any new filing or direction shall be provided to the Court by 10:00 a.m. on January 13, 2022.

5. Motion to exclude any argument about, evidence of, or any reference to: (i) the compensation of any non-comparator; (ii) Dr. James Giem's compensation; (iii) the compensation of any locum tenens provider who provides medical services at Whidbey Health; (iv) any alleged pay disparity experienced by Dr. Chinn after 2/28/2019; and (v) anything outside the applicable statute of limitations period is GRANTED in part, DENIED in part, and DEFERRED in part.

   i. The motion is DEFERRED to the Pretrial Conference as to the compensation of any non-comparator.

   ii. The motion is DENIED as to Dr. James Giem's compensation.

   iii. The unopposed motion is GRANTED as to the compensation of any locum tenens provider.

   iv. The motion is DENIED as to any alleged pay disparity experienced by Dr. Chinn after 2/28/2019.

   v. The motion is GRANTED as to anything outside the applicable statute of limitations period.

6. Motion to exclude any evidence of, argument about, or any reference to Morghan Milagrosa's settlement and discussions relating thereto is GRANTED in part; however, the fact that Milagrosa had a claim and resolved it through arbitration is admissible as evidence of credibility and/or bias.

7. Motion to exclude any evidence of, argument about, or any reference to any other discrimination-related complaints or any other legal proceedings against Whidbey Health is GRANTED, except as related to Morghan Milagrosa.

MINUTE ORDER - 3

8. Motion to exclude reference to Whidbey Health's size or finances is GRANTED.

9. Motion to exclude any evidence of, argument about, or any reference to a provider's willingness to perform abortions and/or the availability of abortions at Whidbey Health is DEFERRED to the Pretrial Conference. The parties should be prepared to address this issue and the application of Rule 403.

10. Motion to exclude any evidence of, argument about, or any reference to alleged discrimination relating to Drs. Mary Leah Oman, Christina Klemme, Rosa Rangel, and any other unidentified individuals is GRANTED.

11. Motion to exclude any evidence of, argument about, or any reference to "vaginal torture" of a patient by Dr. Nathan Tillotson is DEFERRED to the Pretrial Conference.

12. Motion to exclude any evidence of, argument about, or any reference to non-physician testimony relating to the medical decision-making and appropriateness of Dr. Nathan Tillotson's medical care and treatment of any patient is GRANTED.

13. The unopposed motion to exclude any arguments and evidence in support of Dr. Chinn's claim for lost income which were not previously disclosed and produced during discovery is GRANTED.

14. Motion to exclude any evidence of, argument about, or any reference to the impact of COVID on Dr. Chinn's income or business is DENIED.

15. Motion to exclude testimony of Linda Gipson outside the scope of FREs 602 and 701 is DEFERRED to trial.

16. The unopposed motion to exclude any questioning of current or former employees of Whidbey Health relating to conversations with Whidbey Health's counsel is GRANTED.

17. Motion to exclude any argument or reference that Dr. Chinn's text messages are presented "without full context" or similar representations by Plaintiff's counsel or witnesses is DEFERRED to the Pretrial Conference.

MINUTE ORDER - 4

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 10th day of January, 2022.

          Ravi Subramanian
          Clerk

          s/Gail Glass
          Deputy Clerk

MINUTE ORDER - 5